UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:04-cr-120-FtM-33DNF

TODD FITZGERALD FRAZIER
_____

**ORDER**

This matter comes before the Court on Defendant's Motion for New Trial (Doc. #71), filed on August 18, 2005.

**I.**

On October 20, 2004, Frazier was stopped for speeding on I-75.  Corporal Hedrick -the officer who stopped Frazier- clocked Frazier's vehicle -a chevy suburban- traveling at 85 miles per hour.  After stopping the suburban, Hedrick approached the driver side window of the vehicle.  On initial contact, Hedrick testified that Frazier seemed nervous.  Following procedure, Hedrick asked Frazier for his license, registration, and proof of insurance.  Frazier provided his license, but was unable to provide registration or proof of insurance.  Frazier explained that the vehicle was not his; rather, the vehicle belonged to Stacy.  The officer asked for Stacy's last name.  Neither Frazier nor Demetria Jones -Frazier's passenger- were able to provide Stacy's last name.

After initial questioning, Hedrick asked Mr. Frazier to exit the suburban and accompany him to the rear of the vehicle for

additional questioning. At some point during the continued questioning -about five minutes after the initial stop- Corporal Ahlquist arrived on the scene. Alquist was accompanied by Orson -a police K-9. While Hedrick was writing Frazier a speeding ticket, Orson conducted a free air sniff around the vehicle. During the free air sniff, Orson exhibited an abnormal reaction. To confirm Orson's suspicions, Hedrick had his own K-9 -Chance- perform a free air sniff. Chance exhibited a full alert -typical when a K-9 detects drugs. At this point, Hedrick began a search of the vehicle. Upon searching, a bag of crack cocaine was discovered underneath the dash of the steering wheel. At this point, Frazier was arrested.

Following his arrest, both Jones and Frazier were placed in the backseat of a police transport van that had arrived on the scene. Unbeknownst to either Frazier or Jones, a recording device was placed in the back of the van. Unaware of the recording device, Frazier and Jones carried on a conversation. At trial, over defense objection, this recording was entered into evidence. At trial, the recording was played twice, once by the government and once by the defense. During each playing, the jury was provided a transcript to follow the conversation. The government transcript and the defense transcript differed. One large difference between the defense and government transcripts was the number of inaudible portions. The defense transcripts

purported to decipher more of the conversation than the government transcripts. Namely, the government transcript labeled certain segments of the conversation as inaudible, while defense -through their transcript- claimed the ability to decipher those segments.

## II.

A new trial pursuant to Fed.R.Crim.P. 33 may be granted on either of two grounds. <u>United States v. Ramos</u>, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). First, a new trial may be granted "in the interest of justice" if the motion is filed "within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Fed.R.Crim.P. 33(a) and (b)(2). In this case, the jury verdict was returned on August 11, 2005 (Doc. #69). The motion was filed on August 18, 2005, and therefore the interest of justice portions of the motion are timely.

A new trial may also be granted on the basis of newly discovered evidence. Rule 33(b)(1). To warrant a new trial on the basis of newly discovered evidence, the defendant must establish all of the following: (1) the evidence was discovered after trial; (2) the failure of defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such

that a new trial would probably produce a different result. <u>Ramos</u>, 179 F. 3d at 1336 n.1, <u>United States v. Jernigan</u>, 341 F.3d 1273, 1287 (11th Cir. 2003). The Court may not grant a motion for new trial unless the defendant satisfies all five parts of the standard. <u>United States v. Frost</u>, 61 F.3d 1518, 1527 (11th Cir. 1995); <u>United States v. Reed</u>, 887 F.2d 1398, 1404 (11th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1080 (1990).

### III.

Since Frazier does not allege any newly discovered evidence, the Court will analyze the issues under Fed.R.Crim.P. 33(a) and (b)(2). Pursuant to Fed.R.Crim.P. 33(a) and (b)(2), the standard of review is whether the "interest of justice" mandates a new trial. The Court finds that it does not.

Frazier raises several issues, including: (1)Court error in denying Frazier's Motion to Suppress; (2) Court error in allowing the recording into evidence; (3) Court error in allowing the deputy to testify that drug dealers often use code language; (4) Court error in denying Frazier's Motion for Judgment of Acquittal; and (5) Court error in denying Frazier's proposed jury instruction. The Court will address issues three through five jointly and issues one and two separately.

### IV.

Before trial, Frazier filed a motion to suppress the seized drugs. Defending this argument, Frazier asserted that he was

detained longer then normal for issuance of a speeding ticket. Frazier asserted that the lengthened seizure was merely a means to search the suburban. As such, Frazier argued that the seized drugs should be excluded. The Court disagreed, and allowed the drugs into evidence.

Reasoning, the Court found that the detention did not exceed the permissible scope of a traffic stop. In reaching this decision, the Court solely analyzed the legality of the seizure leading up to the K-9 alert. In narrowing its analysis, the Court reasoned that a K-9 alert provides sufficient probable cause for a search. Hearn v. Bd. of Public Educ., 191 F.3d 1329, 1333 (11th Cir. 1999)(citing United States v. Banks, 3 F.3d 399, 402 (11th Cir. 1993)) (finding that the alert of a drug-sniffing dog to a person's property supplies not only reasonable suspicion, but probable cause to search that property) Thus, the post K-9 alert detention was permissible.

As to the pre-K-9 alert detention, the Court found that the detention did not impermissibly exceed the scope of a traffic stop. In reaching its decision, the Court found United States v. Purcell, 236 F.3d 1274 (11th Cir. 2001), informative. In Purcell, the court found that a fourteen minute detention was not facially unreasonable. Id. at 1277. Here, only seven minutes –half the time in Purcell– elapsed between the stop and the initial K-9 alert. Relying on existing case law, the Purcell court also

found that an officer may prolong the detention in order to investigate the driver's license and the vehicle registration -as Hedrick did here. Id. at 1278.

Following the Purcell court's guidance, the Court found that Frazier's detention was firmly within the length constitutionally permitted. First, only seven minutes elapsed between the stop and the initial K-9 alert. Second, during those seven minutes Hedrick engaged in constitutionally permissible activities - checking the license and registration. Since the seven minute interval consisted of constitutionally permitted behavior, the detention was not excessive. Accordingly, the Court ruled not to exclude the drugs.

## V.

In a motion in limine, Frazier challenged the admission of the recording between Frazier and Ms. Jones. At a pre-trial hearing, the Court heard arguments on this issue from both the government and Frazier. After the hearing, the Court made an oral ruling permitting the admission of the recording. The Court found that the inaudible or unintelligible portions were not so substantial as to render the whole recording untrustworthy. See United States v. Aisenberg, 120 F.Supp.2d 1345 (M.D. Fla. 2000)(citing United States v. Pope, 132 F.3d 684 (11th Cir. 1998))(using similar reasoning in deciding to admit a recording).

The present motion raises no new arguments on this issue. As such, the Court sees no reason to depart from its original ruling. Therefore, the Court finds that Frazier's argument provides no basis for a new trial.

## VI.

On issues two through five, Frazier's motion raises arguments identical to those raised through objection at trial. As the court has already ruled on these objections and Frazier adds nothing to his original arguments, the Court affirms its original rulings. Thus, on these issues, the Court finds no basis for a new trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for New Trial , filed August 18, 2005 (Doc. #71) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>30th</u> day of August, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record