# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 2:04-cr-120-FtM-33DNF

TODD FITZGERALD FRAZIER

_____

**Order Regarding Prison-Term Reduction Under 18 U.S.C. § 3582(c)(2) Based on USSG Amend. 782**

This matter comes before the Court upon Defendant Todd Fitzgerald Frazier's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), filed on November 18, 2016, (Doc. # 105). For the reasons below, the Court denies the Motion.

On December 15, 2004, an indictment was returned against Frazier, charging him with knowingly and willfully possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii). (Doc. # 1). On August 5, 2005, the government filed a notice informing the Court of Frazier's prior convictions within the meaning of 21 U.S.C. § 851 for purposes of sentencing enhancement pursuant to 21 U.S.C. § 841(b). (Doc. # 56). Subsequent thereto, a jury trial was held from August 9, 2005, to August 11, 2005. (Doc. ## 61-64). The jury returned a guilty verdict on August 11, 2005. (Doc. # 69).

Frazier was sentenced to life imprisonment. (Doc. ## 73, 74). Frazier appealed the Court's judgment. (Doc. # 75). And, the Eleventh Circuit affirmed the Court's judgment on October 18, 2006. (Doc. # 95).

Then, on October 7, 2016, President Obama commuted Frazier's "total sentence of imprisonment . . . to a term of **262 months' imprisonment**, leaving intact and in effect . . . the term of supervised release imposed by the court with all its conditions and all other components of . . . [the] sentence." (Doc. # 104 at 2). Slightly over a month later, Frazier filed the pending Motion, seeking a sentence reduction pursuant to Amendment 782. (Doc. # 105).

A district court may reduce a defendant's sentence when a retroactively applicable amendment to the sentencing guidelines has the effect of lowering the sentencing range under which the defendant was sentenced. 18 U.S.C. § 3582(c)(2). "A defendant is eligible for a reduction if the amended guideline, such as Amendment 782, lowers the defendant's applicable guideline range." United States v. Ortiz, No. 16-10611, 2016 WL 6080637, at *2 (11th Cir. Oct. 18, 2016) (citing 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A)). But, "a district court . . . is without authority to grant § 3582(c)(2) relief 'when the defendant was sentenced on the basis of a mandatory minimum,' even if the amendment would alter the guideline range applicable in the absence of the minimum statutory penalty." United States v. Hope, 642 Fed. Appx. 961, 964 (11th Cir.

2016) (quoting United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010)). "Consequently, a defendant is ineligible for a § 3582(c)(2) sentence reduction when the minimum statutory penalty exceeds, and therefore supplants, the otherwise-applicable guideline range." Id. (citing United States v. Hippolyte, 712 F.3d 535, 540 (11th Cir. 2013)).

In this case, because Frazier had the requisite number of prior felony offenses, the Court imposed a term of life imprisonment, which was mandated by 21 U.S.C. § 841(b). Therefore, Frazier is not eligible for a sentence reduction because his sentence is at the statutory minimum mandatory. See Hope, 642 Fed. Appx. at 964.

Even if Frazier were eligible for a sentence reduction, "eligibility alone does not mean that a defendant is entitled to a discretionary sentence reduction." Ortiz, 2016 WL 6080637, at *2 (citation omitted). A district court may deny an eligible defendant a sentence reduction after considering the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations. Id. (citation omitted). Despite his repeat offenses, Frazier was granted a precious benefit in the form of an Executive Grant of Clemency, which commuted his sentence by a considerable degree (life to approximately 21.83 years' imprisonment). After considering the factors listed in § 3553(a) and the need to ensure public safety, the Court determines that, even if Frazier were eligible for a sentence reduction, the Court

would exercise its discretion and not reduce Frazier's sentence, especially in light of the reduction Frazier has already been granted by President Obama's aforementioned commutation.

Accordingly it is:

**ORDERED, ADJUDGED,** and **DECREED**

Defendant Todd Fitzgerald Frazier's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Doc. # 105), is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of December, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE