UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 2:4-cr-120-T-33NPM

TODD FITZGERALD FRAZIER

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Todd Fitzgerald Frazier's Motion to Reduce Sentence (Doc. # 123), filed on June 3, 2020. The United States responded on June 18, 2020. (Doc. # 125). For the reasons set forth below, the Motion is granted as to the reduction of the term of supervised release and denied as to the reduction of sentence.

I. **Background**

On December 15, 2004, Mr. Frazier was charged with one count of possession with intent to distribute fifty grams or more of cocaine base. (Doc. # 1). After a three-day trial, the jury found Mr. Frazier guilty of the offense. (Doc. # 69). Because of Mr. Frazier's status as a career offender, he was subject to a mandatory statutory life sentence. (Doc. # 118 at 4). Although mostly non-violent, Mr. Frazier's criminal history included two felony cocaine offenses. (Id.

1

at 5, 15-19). On November 16, 2005, the Court sentenced Mr. Frazier to life imprisonment, followed by ten years' supervised release. (Doc. # 74).

On October 6, 2016, President Barack Obama issued an executive grant of clemency, commuting Mr. Frazier's total sentence to 262 months, leaving the term of supervised release intact. (Doc. # 118 at 1). Mr. Frazier is 54 years old and his projected release date from Pensacola FPC is May 29, 2023. (Doc. # 125 at 2).

In the Motion, Mr. Frazier seeks a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act, followed by an eight-year term of supervised release. (Doc. # 123 at 22). The United States has responded. (Doc. # 125). On September 23, 2020, the Court held a hearing with Mr. Frazier present via telephone. (Doc. # 129). The Motion is ripe for review.

II.  **Discussion**

   A.  **Reduction of Supervised Release**

In his Motion, Mr. Frazier requests that the Court reduce his term of supervised release from ten years to eight years. (Doc. # 123 at 5). The United States does not oppose this request. (Doc. # 125 at 1).

2

When Mr. Frazier was sentenced, the term of supervised release was set by statute at a minimum of ten years. (Doc. # 118 at 2). Applying the Fair Sentencing Act retroactively to Mr. Frazier, through Section 404(b) of the First Step Act, Mr. Frazier would be subject to a minimum term of supervised release of eight years. (Id.).

Therefore, the Motion is granted as to this requested relief and the term of supervised release is reduced to eight years. See United States v. Hadley, 389 F. Supp. 3d 1043, 1050-51 (M.D. Fla. 2019) (reducing term of supervised release for crack cocaine offense from ten to eight years).

### B. Reduction of Sentence

Regarding Mr. Frazier's request for reduction of sentence from 262 months to time served, or 188 months at the time the Motion was filed, the United States argues that his sentence should not be reduced further as it was already commuted below the low-end revised guidelines. (Doc. # 123 at 22; Doc. # 125 at 3). Mr. Frazier counters that his sentence should be reduced to time served because he has been a model inmate, has had an excellent record working for a landscaping company while in prison, and would have had a lower guideline range had he accepted responsibility for his actions and not been designated a career offender. (Doc. # 123).

3

Under Section 404(b) of First Step Act, the Court has the authority "to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time [a] covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391; 18 U.S.C. § 3582(c)(1)(B). As no party disputes that Mr. Frazier's conviction constitutes a covered offense, he is eligible for a reduction in sentence. (Doc. # 125 at 3). In determining whether a defendant's sentence should be reduced pursuant to the First Step Act, district courts have wide discretion. See United States v. Jones, 962 F.3d 1290, 1304 (11th Cir. 2020) ("District courts have wide latitude to determine whether and how to exercise their discretion in this context.").

All parties concede that Mr. Frazier would still be considered a career offender today, and so the revised guidelines for his offense are 360 months to life. (Doc. # 118 at 23; Doc. # 123 at 20). However, Mr. Frazier's sentence has already been commuted to 262 months, which is approximately eight years below the low-end revised guideline range. (Id. at 1).

Furthermore, despite his arguments to the contrary, Mr. Frazier cannot benefit from both going to trial and receiving a lower guideline range for accepting responsibility for his

4

actions. (Doc. # 123 at 2). And, as mentioned, Mr. Frazier is still considered a career offender. Thus, the argument that the Court should consider what the guidelines would be had Mr. Frazier either accepted responsibility for his actions or not been a career offender is unavailing.

The Court applauds Mr. Frazier for his exemplary disciplinary record while in prison, along with his work landscaping, his efforts to rehabilitate himself, and his close familial relationships. The Court encourages him to continue setting an example for other inmates. However, Mr. Frazier's sentence has already been commuted well below the revised low-end guideline. Furthermore, the Court will not disregard Mr. Frazier's substantial criminal record, his status as a career offender, and his failure to take responsibility for his actions.

Therefore, Mr. Frazier's Motion is denied as to this requested relief. See United States v. Lee, No. 8:89-cr-4-T-17TGW, 2019 WL 6701411, at *5 (M.D. Fla. Dec. 9, 2019) (exercising discretion to not reduce a defendant's sentence below the revised low-end guideline of 360 months). Thus, Mr. Frazier's sentence of 262 months remains intact.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Todd Fitzgerald Frazier's Motion to Reduce Sentence (Doc. # 123) is **GRANTED** in part and **DENIED** in part. Mr. Frazier's term of supervised release is reduced to eight years. Mr. Frazier's sentence of 262 months remains unchanged. The Clerk is directed to enter an amended judgment that reflects the lowered term of supervised release.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of September, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE